**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **CEDRIC KILLEBREW,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NOS. 2:03cv0943-D |
| | ) | WO       (Lead case) |
| **CSX TRANSPORTATION, INC.,** | ) | 2:03cv1284-D |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| **SHONITA L. TAYLOR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.  2:04cv960-D |
| | ) | |
| **CSX TRANSPORTATION, INC.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the court is Plaintiff Cedric Killebrew's ("Killebrew") Motion to Reconsider and Vacate or, in the alternative, Alter or Amend the Court's Order of March 7, 2005.  (Doc. No. 86.)  Defendant CSX Transportation ("CSXT") filed a Response in opposition.  (Doc. No. 95.)  Having carefully considered the arguments of counsel, the relevant law and the record as a whole, the court finds that the Motion is due to be denied in part and granted in part.

A motion to reconsider should not be granted unless there is: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 684 (M. D. Fla. 1996); Fed. R. Civ. 59(e). The court declines to reconsider its finding that Killebrew is foreclosed by the doctrine of judicial estoppel from obtaining monetary relief on his claims because he failed to disclose timely in his Chapter 13 bankruptcy case his employment discrimination claims. Killebrew has not shown the existence of an intervening change of law. Also, he has not produced any new evidence or shown the need to correct a clear error which resulted in manifest injustice.

Alternatively, Killebrew argues that, in the event that the court leaves intact its ruling on judicial estoppel, the scope of relief to which he is entitled is broader than the relief permitted by the court in its March 7 Order. Killebrew states that "the only relief the Court's Order indicates that Killebrew would be entitled to receive under his lawsuit is injunctive relief directing CSXT 'to refrain from unlawful employment practices.'" (Doc. No. 86 at 2-3 (citing Mem. Op. & Order at 22 (Doc. No. 79 at 22)); see, e.g., Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002) (holding that plaintiff who failed to disclose employment discrimination lawsuit in bankruptcy proceedings was judicially estopped from pursuing monetary damages, but could seek injunctive relief "prohibiting [employer] . . . from engaging in illegal employment practices" and "requir[ing] [employer] to adopt employment practices that are in
2

accordance with federal employment laws"). Killebrew contends that "it would create a manifest injustice" if the court barred him from seeking the following equitable relief:

> reinstatement to the position of terminal trainmaster, a lateral transfer and/or a promotion to a position to which he would have been entitled had he not been a victim of race discrimination, the costs of his living and relocation expenses and the costs and fees associated with litigating this matter.

(Id. at 3; see also Doc. No. 116 at 2.)

In response, CSXT states that "the doctrine of judicial estoppel does not bar Killebrew from seeking reinstatement to his trainmaster or assistant trainmaster position." (Doc. No. 95 at 6.) As to the other relief requested by Killebrew, i.e., promotions, relocation expenses, litigation fees and costs, CSXT maintains that these forms of relief have monetary value and that, therefore, Killebrew should have disclosed them on his bankruptcy schedules. Because Killebrew did not, CSXT contends that he should be judicially estopped from seeking recovery as to these requests for relief. (Id.)

For the reasons to follow, and notwithstanding CSXT's statement to the contrary, the court finds that Killebrew is judicially estopped from seeking relief for reinstatement or a lateral transfer. The court reaches the same decision as to Killebrew's requests for promotions. The court also finds that judicial estoppel precludes Killebrew from seeking expenses associated with relocation. The court, however, finds that the recovery of costs, including attorneys fees, is not precluded by the application of judicial estoppel.

As the court previously found, judicial estoppel does not bar Killebrew from pursuing claims which "add no monetary value to the bankruptcy estate," such as certain

claims for injunctive relief.  Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1297 (11th Cir. 2003) (citing Burnes, 291 F.3d at 1289).  In Barger, the plaintiff alleged as discriminatory her demotion from a management position in which she earned a salary of $42,000, to an hourly wage job which resulted in a pay reduction of approximately 28 percent.  See id. at 1291.  The Eleventh Circuit held that, notwithstanding the application of judicial estoppel to her claims for monetary damages for her failure to disclose the lawsuit in her Chapter 7 bankruptcy proceedings, the plaintiff was not prohibited from seeking reinstatement to the position from which she had been demoted.  See id. at 1297.  Without elaboration, the Eleventh Circuit held that her "claim for injunctive relief (i.e., her request for reinstatement) would have added nothing of value to the bankruptcy estate even if she properly disclosed it."  Id.

   Killebrew did not specifically request reinstatement to his prior position of terminal trainmaster or a lateral transfer to a comparable position.  (See Am. Compl. at 8-9 (Doc. No. 25).)  To the extent, however, that Killebrew seeks such relief through his general request for "any and all appropriate injunctive relief," (id. at 8), the court finds that this case is distinguishable from Barger and that, unlike the plaintiff in Barger, Killebrew is not entitled to pursue an injunctive claim for reinstatement.

   Barger involved nondisclosures in bankruptcy proceedings under Chapter 7; this case involves nondisclosures in bankruptcy proceedings under Chapter 13.  The court is persuaded by the reasoning in Walker v. Delta Air Lines, Inc., 2002 WL 32136202 (N.D. Ga. 2002), an employment discrimination case involving the application of judicial

4

estoppel based on the plaintiff's failure to disclose his discrimination claims in a parallel Chapter 13 bankruptcy proceeding.[1] In Walker, the court explained:

> Although judicial estoppel can be applied to bar any monetary relief, another issue is whether the doctrine can apply to bar Plaintiff's request for reinstatement to his former position. . . .
>
> In this case, Plaintiff is seeking to be reinstated to his old position. To determine whether he should be judicially estopped from doing so, the court must decide whether the possibility of reinstatement would either add monetary value to the estate or would have affected the bankruptcy court's determination about how to proceed with the debtor's bankruptcy. Burnes, 291 F.3d at 1289. In a Chapter 13 bankruptcy case, all of debtor's projected disposable income is applied to make payments under the debtor's Chapter 13 payment plan. 11 U.S.C § 1325. Further, future earnings of the debtor are specifically included in the definition of "property of the estate." 11 U.S.C. § 1306(a)(2); 11 U.S.C. § 1322(a)(1). Although the court is unsure of Plaintiff's current employment and what effect being reinstated would have on his future earnings, it is certain that employment is a fundamental aspect of a Chapter 13 case since postpetition earnings constitute the principal means of funding the Chapter 13 payment plan. See Lawrence D. King, Collier on Bankruptcy ¶ 1306.01 (15th ed. 1996). Because being reinstated with Defendant could potentially add value to the estate and could be of interest to plaintiff's creditors and trustee, the undersigned finds that judicial estoppel is appropriate against Plaintiff's claim[.]

2002 WL 32136202 at *6.

For the reasons stated in Walker, the court finds that the potential for Killebrew in this lawsuit to receive a salary increase through reinstatement to his former job or a lateral

---

[1] In Walker, *supra*, the magistrate judge entered an opinion recommending that the district court enter summary judgment in favor of the employer based on the application of judicial estoppel. See 2002 WL 32136202, at *6. The district court adopted the recommendation as referenced by the Eleventh Circuit Court of Appeals in an unpublished opinion in which it affirmed the district court's judgment in favor of the employer. (See Ct.'s Exh., attached hereto.)

5

transfer could have increased the monetary worth of Killebrew's bankruptcy estate and/or affected Killebrew's payment plan in the bankruptcy proceedings. The possibility that in the future a debtor will obtain a promotion or increased salary appears to be less significant in Chapter 7 proceedings where generally the debtor's assets are liquidated and sold to creditors, than in Chapter 13 proceedings where the debtor remains in possession of his estate and pays his debts over a period of time based on a payment plan approved by the bankruptcy court. See, e.g., Cable v. Ivy Tech State Coll., 200 F.3d 467, 472 (7th Cir. 1999) (noting distinctions between Chapter 7 and Chapter 13). The court, therefore, finds that, given the distinctions between Chapter 7 and Chapter 13 proceedings, Killebrew stands in different shoes than the plaintiff in Barger, *supra*, who failed to report her injunctive claim for reinstatement in Chapter 7 bankruptcy proceedings. The court concludes that Killebrew is not entitled to seek reinstatement or a lateral transfer because, under the facts of this case, see Burnes, 291 F.3d at 1289 n.3, these forms of injunctive relief have monetary value. For the same reasons, the court finds that, if successful in proving discrimination in the denial of promotions, Killebrew is judicially estopped from seeking an order requiring that he be promoted.

Furthermore, under Burnes and Barger, the court finds that the recovery of living and/or relocation expenses is prohibited. These expenses are part of compensatory damages. See Walker v. Ford Motor Co., 684 F.2d 1355, 1363-1364 & n.12 (11th Cir. 1982) (categorizing moving expenses as compensatory damages), superseded by statute

on other grounds as stated in Sample v. Schuller Int'l, Inc., 836 F. Supp. 876 (S.D. Ga. 1993)).

Finally, the issue of the recovery of costs and attorneys fees has been raised. Killebrew contends that he is entitled to costs and "fees associated with litigating this matter," notwithstanding the application of judicial estoppel.  Presumably, Killebrew is referring to the right to recover attorneys fees as part of costs in the event that he prevails in this litigation on his claim for injunctive relief.  CSXT states that under the federal statutes which authorize fee awards to prevailing plaintiffs (i.e., 42 U.S.C. §§ 1988 and 2000e-5(k)), attorneys fees are considered the property of the "'parties themselves,'" and not the attorney.  (Doc. No. 95 at 6 n.3, quoting Turner v. Sec'y of Air Force, 944 F.2d 804, 807-08 (11th Cir. 1991).)  CSXT, therefore, contends that Killebrew should have disclosed in his bankruptcy schedules his potential right to receive an award of attorneys fees.  (Id.)

Neither Burnes nor Barger addresses a debtor's right to recover attorneys fees where a debtor is judicially estopped from pursuing monetary damages based on his or her failure to disclose in concurrent bankruptcy proceedings the existence of employment discrimination claims.  See Barger, 348 F.3d at 1297; Burnes, 291 F.3d at 1288-89. Rather, Burnes and Barger confined their holdings to disallowing recovery for "monetary damages," but permitting recovery for injunctive relief.  Barger, 348 F.3d at 1297; Burnes, 291 F.3d at 1283.

42 U.S.C. § 1988 states that attorneys fees are "part of the costs."  42 U.S.C. § 1988(b); Hutto v. Finney, 437 U.S. 678, 693 (1978).  Attorneys fees are distinct from

compensatory damages which make a plaintiff whole for past wrongdoing and also are not an element of punitive damages.  Cf. Fernandes v. Limmer, 663 F.2d 619, 637 (5th Cir. Unit A 1981) (holding that 42 U.S.C. § 1988 attorneys fees are element of costs, not damages).  In Fernandes, the court held that legislative immunity was not available to protect municipal officials from liability for attorneys fees under 42 U.S.C. § 1988.  See id.  Rather, the court held that legislative immunity applied only to immunity from damages awards.  Whether the municipal officials were immune from damages awards was "irrelevant" to the consideration of the recovery of attorneys fees because under § 1988 attorneys fees awards are an element of costs, not damages.  See id.

   Although the context in which the Fifth Circuit issued its holding is different from that presented in this case, the court finds that Fernandes is persuasive insofar as its holding delineates that the right to recover monetary damages is separate from the right to an award of attorneys fees under § 1988.  In this case, the court finds that the fact that Killebrew is precluded from recovering monetary damages is not determinative of whether a prevailing party may recover an award of attorneys fees under § 1988.  Because § 1988 attorneys fees are not a component of monetary damages, the court concludes that the holdings in Burnes and Barger do not preclude a debtor who is judicially estopped from recovering monetary damages from seeking an award of attorneys fees if he or she prevails on a claim for injunctive relief.

   Moreover, CSXT has not demonstrated how an award of attorneys fees "could increase the value of the estate for the creditors."  Burnes, 291 F.3d at 1289; see also Barger, 348 F.3d at 1297.  CSXT has not presented any authority that an award of

8

attorneys fees pursuant to 42 U.S.C. § 1988 would be distributed to the general creditors of Killebrew's estate, and not to Killebrew's attorney.

It also does not appear that the payment of attorneys fees pursuant to 42 U.S.C. § 1988 would reduce the funds in the bankruptcy estate, as the fees would not be paid from the bankruptcy estate, but rather from CSXT.[2]  See Kentucky v. Graham, 473 U.S. 159 (1985) (losing party, who is required to pay costs of litigation, is also the party who bears liability for attorneys fees under 42 U.S.C § 1988).  It is, thus, difficult for the court to envision how an award of attorneys fees can be said to offer "monetary value to the estate," such that an award should be analogized to "monetary damages." Burnes, 291 F.3d at 1289.  To the contrary, the court finds that, similar to certain types of injunctive relief, the disclosure of the potential for the recovery of costs, including attorneys fees, "would not, in all likelihood, have changed the bankruptcy court's determination about how to proceed with the debtor's bankruptcy." Id.  For the foregoing reasons, the court will allow Killebrew to seek costs, to include an award of attorneys fees pursuant to 42 U.S.C. § 1988, if he prevails on his claim for injunctive relief in these proceedings.

---

[2] The court notes that, as required by 11 U.S.C. § 327, counsel for Killebrew has sought and obtained approval from the bankruptcy court to represent the debtor in the pending employment discrimination lawsuit.  Section 327(a) requires prior approval of the employment of an attorney representing the debtor even if payment of attorneys fees is not sought as an administrative expense, but is sought from a third party.  See *In re Land*, 116 B.R. 798, 805 (D. Colo. 1990), aff'd 943 F.2d 1265 (10th Cir. 1991); *In re BOH! Ristorante, Inc.*, 99 B.R. 971, 972-73 (9th Cir. BAP 1989).

With that said, the court recognizes that counsel for Killebrew has filed a motion to withdraw.  (See Doc. No. 137.)  The court is granting that motion by separate order this same date.  The ruling herein pertaining to attorneys fees applies in the event that Killebrew retains different counsel within the time allotted.

Accordingly, it is CONSIDERED and ORDERED that Killebrew's Motion to Reconsider and Vacate or, in the alternative, Alter or Amend the Court's Order of March 7, 2005 (Doc. No. 86) be and the same is hereby GRANTED in part and DENIED in part as set forth herein.

DONE this 19th day of July, 2005.

/s/ Ira Dement
SENIOR UNITED STATES DISTRICT JUDGE